## MILLER *v.* UNION PAC. RY. CO.

*(Circuit Court, D. Colorado.*   November 20, 1880.)

1. PLEADING—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—The plaintiff, an employe of the defendant railroad, brought an action against the company for injuries sustained while riding down a steep grade in what he called in his petition a "push-car or hand-car." *Held,* that the petition was defective for uncertainty—(1) In that it did not describe the car with greater particularity; (2) in that it did not state whether the car was with or without brakes; (3) in that it did not state that cars such as the one plaintiff was riding in when injured are usually supplied with brakes.

   For these reasons a demurrer to the petition was sustained, but leave was given to amend.

Demurrer.

*Geo. H. Grey* and *T. A. Green,* for plaintiff.

*H. M. & Willard Teller,* for defendant.

McCRARY, C. J.   This is a case in which the plaintiff sues to recover damages for an injury received while riding on what he calls in his petition a "push-car or hand-car." It is alleged that he was employed as a carpenter for the defendant company, and was furnished with a car to carry his tools and transport himself from the station on the main line along a side-track or branch road to a coal station; that he went up on this car.   It is not stated in the petition whether he pushed it up, or whether he rode upon it and somebody else pushed it; but it is alleged that when he came to return he and several others got aboard the car and started down the track, which was of a very steep grade, and the car got beyond their control, having no means of retarding its movement, and in jumping out of it he was injured.

The demurer to the petition is upon the ground that plaintiff's statement of the case in the pleadings shows that he was guilty of contributory negligence.   In the courts of the United States, at least, and I think in most if not all the states, the defence of contributory negligence is a good defence in a case of this kind.

In the first place, this petition is defective for uncertainty.

It says that it was "a hand or push car." It is necessary that the plaintiff should describe the car with more particularity than that, because a hand-car may be one thing and a push-car quite another, and it is impossible to determine the question of contributory negligence without knowing something about the character and construction of the car; because, of course, it is a very material question whether there was any apparatus on the car itself which could be used by persons riding upon it to stop it, or to retard its movement. If it was what is known as a push-car, and if those cars are used ordinarily merely for carrying something, being propelled by some one walking by them and pushing, and if it had no brakes or apparatus for stopping or retarding its movements, then it was negligence to get aboard of it and start down grade without any means of controlling it. I say, then, in the first place, the petition ought to describe the car. To say it was a hand or push car is not enough.

In the second place, if the car on which plaintiff was riding when injured was known as a push-car, and had no brakes or apparatus for controlling its movements, and if the plaintiff, knowing this, got on the car and rode down the grade, this was negligence, and the plaintiff cannot recover. The petition does not show very clearly, to say the least, whether the car was without brakes or not. But I apprehend, from what counsel have said, that it had no brakes.

Another proposition is this: In order to recover, plaintiff must allege that cars such as the one he was riding in when injured are usually supplied with brakes. Of course he cannot recover unless it appears that he went aboard of this car supposing that there was some mode or way by which persons, when traveling on it or riding in it, could retard its movement or stop it. If he knew from having ridden up in the car, or having seen others push it as he came up the track, that it could be controlled only by walking along by it and holding it back, and, knowing that, he got into it with a number of other people to ride on a down grade, he took his chances. It was a clear case of contributory negligence.

The demurrer for these reasons is sustained. If the counsel for plaintiff thinks that in the view of the court he can make a case, he may amend.