## No. 8907.

### DILLEY v. PRIMOS CHEMICAL COMPANY.

MASTER AND SERVANT—*Contributory Negligence of Servant.* Plaintiff, an experienced miner, was, with another miner, ordered by his superior to operate a tram car for conveying ore from the mine of defendant.

The tramway in its lower reaches was upon a considerable declivity, and with many curves, all of which plaintiff knew. He attempted to ride a car without brakes, standing with one foot upon, "what would be the coupling", at the rear of the car, and holding with his hands. The car having jumped the track at one of the curves he was thrown and injured. There was no rule or direction that plaintiff should ride the car in this manner, or at all, and plaintiff was perfectly informed of the danger of his attempt, and that, uniting with his associate, so that both walking behind the car and holding it, at the steeper part of the grade it would reach its destination in safety, and without injury to those controlling it. *Held* that having himself chosen the dangerous method of performing the work, there could be no recovery.

Judgment for defendant upon a directed verdict affirmed.

*Error to Montrose District Court, Hon. Thos. J. Black, Judge.*

Messrs. CATLIN & BLAKE, for plaintiff in error.

Messrs. GOUDY, TWITCHELL & BURKHARDT, Mr. L. W. ALLEN, Mr. F. B. GOUDY, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action wherein the plaintiff in error seeks to recover damages against the defendant in error on account of the latter's alleged negligence. The cause was tried to

a jury. At the conclusion of plaintiff's evidence the trial court, on motion of defendant, instructed the jury to return a verdict in favor of the defendant. One of the grounds of the defendant's motion for a directed verdict, and the ground upon which the trial court granted the motion, was that the "evidence shows that plaintiff was guilty of negligence directly contributing to the injury."

The principal question presented for our determination is the propriety of the directed verdict, under the evidence and the circumstances of the case. We will therefore review so much of the evidence as is relevant to the matter of plaintiff's contributory negligence.

On April 14, 1914, the plaintiff below, plaintiff in error here, obtained employment from the defendant, a corporation, at its mine which it was then operating. The plaintiff was a workman of several years' experience, and of usual intelligence. During the first eight or ten shifts that the plaintiff worked, he was engaged in tramming ore, with the aid of another employee, in tunnel No. 5 of the mine. The two men conducted the car, when loaded with ore, from the breast of the tunnel to the ore bin by pushing. Plaintiff was next transferred by the defendant's shift boss to tunnel No. 7. After working one shift in the stope, the shift boss directed him to tram ore, and on the second shift in that tunnel the plaintiff and another workman acted as trammers. At this time they had the use of a tram car which was provided with a brake. On the following shift they had the use of a car which had no brakes. They noticed the absence of brakes on this car, but made no objection, and proceeded to tram. On the first two trips with this car the plaintiff's tramming partner rode the car while it passed over that part of its course which was down a steep grade. When it became time to make the third trip with this car, the plaintiff's working partner suggested that he, plaintiff, ride the car. In this connection the plaintiff testified as follows:

"And I stepped on and went with the car. I stepped on what would be the coupling, * * * with one foot, and hung on to the hind end of the car with my two hands, and

the other foot suspended in the air, in similar manner as partner rode on first two trips."

At the foot of the down grade part of the tramming course were curves, and then a short up grade, over which the cars had to be pushed by the two men.  The plaintiff was injured on the first trip that he rode the car.  In this connection he testified as follows:

"I went down grade all right, but I didn't get out of the tunnel.  The car jumped the track at one of the curves at or near the foot of the grade, and I found myself sitting in the track between the rails,  *  *  *  and the car was standing on its front end on the track."

The evidence does not show any rule or direction by the employer or his agents that the plaintiff should ride the car, but does show that there was no necessity for riding the car.  The plaintiff had the choice of pursuing a safer method of doing his work.  As a reasonable and prudent person, he could have observed that the object of placing two men in charge of the tram car was that both might travel with the car, their hands on the same, in an effort to check the speed and steady the car on its progress down the grade, and prevent an accident of the kind that happened in this case.  Before the accident the plaintiff made twelve to fifteen round trips over the tramming course in question, and knew where a loaded car would go down grade.  He could have known, as a reasonable and prudent person, of the danger of riding the car without brakes, as it went over what he himself designated as "steep down grade."  He was not obliged to act on the suggestions of his tramming partner, and by riding the car he knowingly selected the more dangerous method of doing his work.  This court, in *Colo. & So. Ry. Co. v. Reynolds*, 51 Colo. 231, 116 Pac. 1043, said:

"Where a person has a choice of two methods of performing his work, the one safe and the other dangerous, and is aware of this fact, it is his duty to choose the safe method.  If he does not, and chooses the method which necessarily exposes him to danger, which would have been avoided had

he chosen the other, and is injured, he can not recover for such injury."

In 18 R. C. L. 636, sec. 132, it is said:

"If the employee having an opportunity of acting in any one of two or more ways, one of which is less safe than another, and knowingly chooses the less safe mode, he is to be deemed negligent and disentitled to recover, although the employer may also have been negligent." See also 29 Cyc. 520.

It is true that to constitute contributory negligence, the act or omission of the person injured must be one which he could reasonably anticipate would result in his injury. 29 Cyc. 520. But the plaintiff's act comes within this rule. This view is supported by the opinion in *Miller v. Union Pacific Ry. Co.*, (C. C.) 4 Fed. 768, where it is said:

"In the second place, if the car on which plaintiff was riding when injured was known as a push car, and had no brakes or apparatus for controlling its movements, and if the plaintiff, knowing this, got on the car and rode down the grade, this was negligence, and the plaintiff can not recover.

"If he knew   *   *   *   that it could be controlled only by walking along by it and holding it back, and knowing that, he got into it with a number of other people to ride on a down grade, he took his chances. It was a clear case of contributory negligence."

To the same effect is *York v. K. C., C. & S. Ry. Co.*, 117 Mo. 405, 22 S. W. 1081.

Not only did the plaintiff choose the less safe way of working, but after getting on the car he took no precautions for his safety, and did not attempt to get off the car as the speed increased. He admitted that he could have stepped off before the car attained increased momentum, and that he knew from what he had seen before that the car gained a great deal of speed in going down grade.

At, or just before the plaintiff mounted the car, his tram-

ming partner, according to the testimony, spoke to him as follows:

"It is useless for me to ride all the time and you walk; you go with the car this time."

Whether this language be regarded as a suggestion, a command, or as assurance of safety, it is not binding upon, nor can it fix any responsibility upon the defendant, under the undisputed facts existing in this case. The tramming partner was a fellow-servant of equal grade with plaintiff, not a vice-principal nor an agent of the master with any authority over plaintiff. The plaintiff, in riding the tram car, did not, therefore, do so by the direction, or upon any assurance of safety, given by the master or a vice-principal.

The act of the plaintiff, in riding the ore car at the time of the accident, directly contributed to the production of the injury complained of; and, without it, the injury would not have happened. Assuming, but not deciding, that the defendant was negligent in the care or the construction of the tram car track, the plaintiff, nevertheless, by the exercise of ordinary care under the circumstances, might have avoided the consequences of the defendant's negligence. The circumstances, therefore, disclose contributory negligence on the part of the plaintiff, by reason whereof he is not entitled to recover damages. *Colo. Central R. R. Co. v. Holmes,* 5 Colo. 197; *Jackson v. Crilly,* 16 Colo. 103, 26 Pac. 140.

The facts are not in dispute and plaintiff's contributory negligence is evident and unquestionable. In such case the court may declare the fact established as a matter of law. *Colo. Central R. R. Co. v. Holmes,* supra. Where it affirmatively appears from the plaintiff's own evidence that the want of due prudence on his part was the proximate cause of the injury complained of, it becomes the duty of the court, upon a motion made for non-suit, to decide, as a question of law, that the action can not be maintained. *Behrens v. K. P. Ry. Co.,* 5 Colo. 400. Or, the court may in such case direct a verdict for the defendant. *Guldager v. Rockwell,* 14 Colo. 459, 24 Pac. 556.

There was no error in directing a verdict for defendant in the instant case. The judgment of the District Court will therefore be affirmed.

Affirmed.

Chief Justice Hill and Mr. Justice Bailey concur.