## No. 10,091.

## THOMPSON v. DILWORTH.

Decided July 5, 1921.   Rehearing denied November 7, 1921.

Action    for    malicious    prosecution.    Judgment    for plaintiff.

### Affirmed.

### On Application for Supersedeas.

1.   MALICIOUS PROSECUTION—*Probable Cause.*   In an action for malicious prosecution, where the facts are in dispute, it is for the jury to say whether defendant had reasonable ground to believe plaintiff guilty.

  Evidence reviewed, and held, if believed by the jury they might find no probable cause.

2.     *Advice of Counsel.*   In an action for malicious prosecution, advice of counsel is no defense, unless defendant fully and fairly stated all the material facts of the case to the attorney.

3.     *Malice.*   In an action for malicious prosecution, facts showing want of probable cause are sometimes enough to justify the jury in finding malice.

  A prosecution without probable cause through anger and to collect a debt, will justify an imputation of malice.

*Error to the District Court of the City and County of Denver, Hon. Neil F. Graham, Judge.*

Mr. EDWIN H. PARK, for plaintiff in error.

Mr. M. W. SPAULDING, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS was a suit for malicious prosecution on a charge of larceny. There were three trials, each of which resulted in a verdict for plaintiff. There was a judgment on the third verdict. The defendant brings error and asks for supersedeas.

The only point argued is that the court erred in overruling motion for nonsuit. The grounds amount, in substance, to the following: 1. That the evidence shows probable cause; 2. That defendant acted upon advice of district attorney after full statement to him; 3. That no malice is shown.

1. Upon the first point, that the evidence shows probable cause, we think that it does not so certainly show it that the verdict cannot stand. Since the facts are not wholly undisputed, it is for the jury to say whether the defendant had reasonable ground to believe the plaintiff guilty.

The defendant had a lien on goods made by him for plaintiff, which the plaintiff took, and that taking, in violation of that lien, constituted the larceny, if there was any. There was a dispute about how much plaintiff owed for them; there was evidence that plaintiff was ready and willing to pay what he really owed, that some of defendant's employes were present and at least one saw him take the goods; that one of them opened the door to let him into the shop for that purpose; that defendant was near by, perhaps in the same room; that all was done in the daytime with no attempt at concealment, all of which defendant knew. If the jury believed this evidence, they might, and we think ought, to find no probable cause.

2.   As to the advice of counsel:   Mr. McGovern, the deputy district attorney, whom defendant consulted, testified that defendant did not inform him that the amount of the indebtedness of Dilworth to Thompson was in dispute between them.   This was a material point concerning the *bona fides* of the taking, and the jury may have believed Mr. McGovern.   If they did they could not say the defendant had fully and fairly stated the facts of the case to the attorney, and so the advice of counsel could not shield him.

3.   As to malice:   Want of probable cause alone is enough, or, perhaps more correctly, the facts showing want of probable cause are sometimes enough to justify the jury in finding malice.   *Murphy v. Hobbs,* 7 Colo. 541, 553-555, 5 Pac. 119, 49 Am. Rep. 366; *Koch v. Wright,* 67 Colo. 292, 184 Pac. 363.   But in this case other facts are shown from which malice might be found.   Defendant testified that he told plaintiff he would have to pay the bill presented or face the district attorney; there was evidence that they were very angry at each other, and that even after plaintiff's discharge by the justice of the peace defendant sought to have him indicted or further prosecuted by the district attorney.   If the jury believed this evidence, and found, as we have seen they may have rightly found, that there was no probable cause, then there was a prosecution without probable cause, through anger and to collect a debt, which would at least justify an imputation of malice.

Supersedeas denied and judgment affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.