No. 15,308.

EXCHANGE NATIONAL BANK OF COLORADO SPRINGS,
EXECUTOR OF THE ESTATE OF PRING *v.* CULLUM.
(161 P. [2d] 336)

Decided July 2, 1945.   Rehearing denied August 10, 1945.

Mr. WILLIS L. STRACHAN, Mr. C. B. HORN, Mr. PAUL S. FRIES, for plaintiff in error.

Mr. H. T. McGARRY, Mr. FILLMORE S. GIBSON, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there, or by name.

Cullum brought this action for malicious prosecution, demanding $25,000 actual, and the same amount as exemplary, damages. He had a verdict for $2,500 actual, and $2,500 exemplary, damages. To review the judgment entered accordingly, Pring prosecutes this writ. The errors assigned may be thus grouped for consideration: 1. The denial of a motion to make the complaint more specific. 2. The sufficiency of the evidence to support the judgment. 3. The court's refusal to give certain tendered instructions. 4. The verdict was excessive.

The complaint was based upon "certain criminal proceedings" in "the justice of the peace court of James H. Gowdy and in the district court of El Paso county" and acquittal in the latter "on or about November 23, 1940." It appears that there were three of these cases in justice and district court, ending with trial in the latter. In each the charge was obtaining money, or a horse, by the use of a confidence game. In each the transaction involved and the value alleged were the same. One was dismissed for variance between the complaint and the opening statement of the district attorney. The last re-

sulted in a verdict of not guilty. Pring made the complaint in each and testified in the last.

1. Pring moved to make the complaint more specific by setting forth the court number of the case relied upon. From the foregoing it is clear that denial of this motion could not possibly prejudice him in preparing his defense and the granting of it would have been wholly unjust to the plaintiff. The ruling was correct.

2. It is contended that the evidence fails to show absence of probable cause, but does support the defense of advice of counsel, i.e., that Pring made a full and fair disclosure of facts to the district attorney and signed the complaint on advice of that official. This requires a brief statement of the evidence most favorable to that view, evidently taken by the jurors.

These parties had been dealing with each other for approximately nine years without a definite and final settlement. Something was due Pring, but the exact amount was in dispute. Cullum kept no regular books and Pring declined to exhibit his. He had possession of a valuable horse which Cullum claimed and had sold. In order to secure that possession that he might make delivery and collect the purchase price he gave Pring two checks on the understanding that the amount thus paid would prove to be, as Pring claimed, correct. Cullum found figures which convinced him he had been overcharged, hence stopped payment. Thereupon Pring brought about his prosecution as above noted.

The trial of this cause consumed the greater part of five days. There are two volumes of the record consisting of 305 pages and over 800 folios with almost 200 pages of abstract. The bulk of this details the accounts and transactions of these parties, hence goes to the question of their good faith in what they did and failed to do. It thus appears that the matter in dispute which resulted in the criminal prosecution was nothing more than a question of the amount of Cullum's indebtedness.

If, as he claimed, these checks overpaid Pring he was entitled to stop payment on them until an adjustment could be made. The tactics of neither party can well be defended, but we are unable to spell any criminality out of the admitted or established conduct of Cullum. Want of probable cause clearly appears. Pring's answer to this is his alleged full and fair disclosure to the district attorney and his reliance thereon. However, it does appear beyond question that he made no such disclosure and that to some extent he at least colored the facts he gave. To this his answer is that his attempt to go into the history of his dealing with Cullum was forestalled by the district attorney's statement that he did not care for such details. This is no answer. Pring knew all the facts and well knew that nothing more was involved than a dispute as to the amount of the indebtedness. He was an experienced business man of large and varied interests and required no advice of counsel to inform him as to the claims of Cullum and the reason for his actions. Citation of authority on that proposition would seem superfluous, but we have disposed of such contentions under such circumstances in cases which are a sufficient answer here. *Thompson v. Dilworth,* 70 Colo. 359, 201 Pac. 564; *Smith v. Hensley,* 107 Colo. 180, 109 P. (2d) 909. This assignment is without merit.

3. Defendant's requested instruction No. 1 to the effect that waiver of preliminary examination, which it appears Cullum did here, is prima facie evidence of probable cause, was properly refused. Whatever the law in a case where no other evidence is produced on the point (not so here), it does not appear that failure to so instruct, where there is direct evidence, constitutes reversible error. *Schoonover v. Myers,* 28 Ill. 308; 38 C.J., p. 412, §46.

Defendant's requested instruction No. 3 was properly rejected for fatal omissions, and his requested instruction No. 10 was in part given and otherwise unsupported by the record. This, and the refusal of his

requested instruction No. 14, have been covered by what we have said under paragraph 2, supra. He also requested a modification of the court's instruction No. 4. This was properly refused because already fully covered.

4. It is strenuously contended that this verdict is excessive. We cannot so hold. No hard and fast rule governing, exists or could be formulated, and while this verdict may seem unusually large it must be borne in mind that plaintiff was a man of standing and presumably of exceptional character and reputation. He was a former major in the United States army, then under retirement on an allowance exceeding $300 per month, which this prosecution jeopardized. Aside from loss of time, business, and the expense of travel, there was evidence of publication of the proceedings, repeated arrest, requirement of two bonds, and unusual and unnecessary humiliation and injury to reputation. As to exemplary damages these are covered by the facts stated and the authorities cited, supra.

Finding no reversible error in the record the judgment is affirmed.

Mr. CHIEF JUSTICE BAKKE and MR. JUSTICE STONE concur.