No. 17,574.

Marticia Fox *v.* Roy Martens.
(286 P. [2d] 628)

Decided August 2, 1955. Rehearing denied August 29, 1955.

Mr. W. H. MOULTON, for plaintiff in error.

Messrs. THOMAS & THOMAS, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFF, Marticia Fox, and defendant, Martens, are owners of adjoining properties which they occupy in the town of Burlington, Colorado. Defendant constructed a cement driveway, or an approach to his garage, on the south line of his property and the extreme south edge thereof parallels the boundary line between his property and that of plaintiff. Defendant occasionally washed, or permitted the washing of his automobiles on the driveway, and the water from the operation run over and onto a part of the rear of plaintiff's premises. June 4, 1953, defendant's boy was washing an automobile at this place and plaintiff observed the operation and talked to the boy about it, while she never made any complaint to defendant at any time about the condition she alleged was created by this overflow of water. June 5, 1953, the day following, plaintiff observed that a sprinkler on a hose she was using to irrigate her garden had overturned and she rushed out of her place to adjust the hose and in doing so, deliberately and knowingly, went across the part of her premises that she knew was muddy and slippery, and, as she alleged and testified, slipped and fell backwards, injuring herself, for which she filed a complaint in damages against defendant on October 5, 1953.

Defendant answered with a general denial, allegations of contributory negligence, and unavoidable accident. Trial was had to a jury on September 10, 1954, which returned its verdict in favor of defendant. Motion for new trial was filed and overruled. Judgment was duly

entered and a review of that judgment is sought by a writ of error.

The sum of plaintiff in error's argument is that the trial court erred in admitting photographs of the premises in evidence, for which no proper foundation had been laid; that the court erred in refusing to give plaintiff's tendered instructions on contributory negligence, claiming in addition, that the instruction given on contributory negligence was not a correct statement of the law.

■ The photographs to which objection is made, are exhibits in the case and apparently were used to give the jury a visual idea of the surroundings; however, if a wrong impression of the physical facts was presented by the photographs, full opportunity to correct such impression was afforded the jury, which was permitted to view the premises at the request of defendant and without objection by plaintiff. Plaintiff does not even suggest in what manner the admission of the pictures was prejudicial, or in what way the pictures could or did erroneously influence the jury; and in addition thereto, plaintiff made use of the pictures in clarification of her testimony. It is true the rule concerning the admission of photographs is that the photograph first be authenticated and verified as a true representation of the subject, otherwise it falls into the class of unsworn testimony. Plaintiff objected to the admission of the photographs, because no proper foundation has been laid for their admission; however, the trial court overruled the objection, apparently for the reason that plaintiff recognized and identified and used them as pictures of her place, and in such cases, this authentification relieves from strict compliance with the rule on admissions.

■ As to plaintiff's second contention that the refusal to give her tendered instruction was error, we do not consider the point of sufficient consequence to re-

quire discussion and dispose of it by saying that in considering the error claimed on this point, we do not single out one refused instruction, because all of the instructions given are to be taken as a whole and considered together, and if the law applicable to the case has been fully and correctly stated, such objection immediately loses merit, and therefore we omit setting out the tendered instruction herein.

■ It was definitely and expressly shown by plaintiff's own testimony that there was a portion of her backyard that provided a safe way for her to go to her objective; however, she deliberately chose the hazardous route and thereby precluded her recovery. She chose to walk across a two-foot space north of her garage, which she knew had been covered with water and was muddy and slippery, instead of walking on a cement walk only two feet away. The rule announced in *Dilley v. Primos Chemical Co.*, 64 Colo. 361, 171 Pac. 1146 is conclusive on this question.

■ Plaintiff made no effort to establish any liability of defendant, owner of the premises, who, as is shown by the evidence had no notice of the condition which plaintiff claimed caused her injury.

As to the suggestion that the instruction on contributory negligence was erroneously given, it is sufficient to say that plaintiff's own testimony established her negligence as a matter of law, sufficient at least to satisfy the jury, and from which it could conclude that her negligence was the proximate cause of her claimed injury.

Contrary to plaintiff's specification of error, we believe, the entire record considered, that the only error in the case is the court's denial of defendant's motion at the close of plaintiff's evidence, and of all the evidence, for a directed verdict in defendant's favor. From the record it appears that the facts were fairly presented to the jury under proper instructions and its resolution

thereof is not to be disturbed, when, as here, there is ample evidence to support the verdict.

The judgment is affirmed.

MR. JUSTICE MOORE does not participate.