Verne **SMITH** and Lois Smith,
Plaintiffs-Appellees and
Cross-Appellants,

v.

**JBJ LIMITED**, a partnership,
Defendant-Appellant and
Cross-Appellee.

No. 82CA1410.

Colorado Court of Appeals,
Div. I.

Oct. 11, 1984.
Rehearing Denied Nov. 23, 1984.

Polidori, Rasmussen, Gerome & Jacobson, Dennis J. Jacobson, Gary L. Polidori, Lakewood, for plaintiffs-appellees and cross-appellants.

Hall & Evans, Duncan W. Cameron, Arthur R. Karstaedt, III, Denver, for defendant-appellant and cross-appellee.

PIERCE, Judge.

Plaintiffs, Vern and Lois Smith (the Smiths), and defendants, JBJ, Ltd. (JBJ), both appeal from a jury verdict finding for the Smiths. We affirm in part, reverse in part, and remand for amendment of judgment.

JBJ, a partnership, is the owner of the office building and adjacent parking lot which Vern Smith frequented for business purposes. On January 3, 1980, the parking lot was icy, and snow was present. He entered the building by walking along a sidewalk, but when he exited, he walked across the parking lot, slipped and fell on the ice, sustaining a serious fracture to his right ankle. The jury returned a special verdict for the Smiths for $16,000, assessing JBJ to be 51% negligent, and Vern Smith 49% negligent.

### I.

■ JBJ argues that it is entitled to a set-off for monies paid to the Smiths prior to trial. It alleges that its insurance carriers paid in excess of $11,000 for Vern Smith's loss of income under the liability provision of the policy.

After trial, JBJ asked to amend its answer to include a claim of set-off. The trial court deferred ruling on the motion until after the verdict, and then denied the motion. JBJ claims that by its attempt to amend its answer, it properly pled set-off under C.R.C.P. 13(a). However, we need not consider whether the issue was properly raised, because, even if it were, the record is devoid of proof of these payments, and therefore, the trial court would have been without a basis for granting the set-off even if it had ruled that the matter was properly pled.

### II.

#### A.

■ The Smiths first argue that the trial court erred in allowing JBJ's attorney to use an improper hypothetical example in his closing argument. We agree that the hypothetical stated in this case did not contain facts which approximated the facts in evidence, nor did it even come near the same application of duty as required by the law to be applied to the facts in this case. We do not condone its use, but when we consider it in the totality of the closing argument, and the emphasis placed by counsel on his arguments, and consider that this illustration was effectively counteracted by rebuttal argument, the use of this improper hypothetical most likely had no significant impact on the outcome of the trial. *See F. Busch, Law & Tactics in Jury Trials* § 681 (1963).

The jury was properly instructed that the arguments of counsel were not to be considered as evidence. In returning its ver-

dict for the Smiths, there is no indication that it was misled by the hypothetical, nor that it confused Vern Smith with the example of the "Avon lady" used in the hypothetical, nor is there any indication that the jury applied an inappropriate legal standard of duty. Hence, no prejudice has been shown, and therefore, there was no abuse of discretion which would justify reversal. *See Swift v. Weston,* 511 P.2d 915 (Colo.App.1973) (not selected for official publication).

### B.

The Smiths also complain that no instruction on choice of ways should have been given. The record reveals, however, that there was a great deal of conflicting evidence as to whether or not there was a known safe way available to Mr. Smith. An instruction on this subject was therefore appropriate. *See Fox v. Martens,* 132 Colo. 208, 286 P.2d 628 (1955).

### C.

The Smiths next argue that the trial court erred in denying their request for interest on the judgment from the date the action accrued under § 13–21–101, C.R.S. We agree.

For actions such as this one that are filed after July 1, 1979, but before January 1, 1983, the statutory section which applies, in pertinent part, is as follows:

> "[I]t is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date the action accrued. When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add interest on such amount calculated at the rate of nine percent per annum on actions filed on or after July 1, 1975, and at the legal rate on actions filed prior to such date, and calculated from the date such suit was filed to the date of satisfying the judgment.... On actions filed on or after July 1, 1979, the calculation shall include compounding of interest annually from the date such suit was filed." Section 13–21–101(1), C.R.S. (1983 Cum.Supp.).

We interpret this statute to mean that if interest is claimed from the date the action accrued, the trial court must calculate interest from that date. *See Briggs v. Cornwell,* 676 P.2d 1252 (Colo.App.1983).

In addition, the statute mandates that the interest be compounded annually from the date the suit was filed.

### D.

The Smiths' other arguments are without merit.

The judgment is reversed as to the denial of interest between the date of accrual and the date of filing and the cause is remanded for the recalculation and award of interest from the date the action accrued, including annual compounding from the date suit was filed. In all other respects, the judgment is affirmed.

STERNBERG and BABCOCK, JJ., concur.