478 P.2d 690 (1970)
Cecil C. HYLTON, Plaintiff in Error,
v.
James Thurber WADE, Defendant in Error.
No. 70-548, (Supreme Court No. 24157.)
Colorado Court of Appeals, Div. I.
December 15, 1970.
Raymond Duitch, Colorado Springs, for plaintiff in error.
Hayden W. Kane, Colorado Springs, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This was an action to recover damages for personal injuries resulting from an automobile accident. Plaintiff brings this appeal from a jury verdict in his favor in the amount of $2,000.
Plaintiff had suffered an injury in a prior accident and had recovered a judgment for such injury. It was his contention that the accident with the defendant aggravated the pre-existing injury. A doctor *691 called by the plaintiff as a witness testified that he could not apportion the plaintiff's disability between the two accidents.
Plaintiff argues that the trial court erred in refusing plaintiff's tendered instruction to the effect that where a pre-existing condition exists which has been aggravated by an accident it is the jury's duty to apportion, if possible, the amount of disability and pain between that caused by the pre-existing condition and that caused by the accident, but if the evidence does not permit such apportionment, then the defendant is liable for the entire disability. In support of this rule plaintiff cites Newbury v. Vogel, 151 Colo. 520, 379 P.2d 811. The rule announced in Newbury was reaffirmed and followed in Intermill v. Heumesser, 154 Colo. 496, 391 P.2d 684; Moyer v. Merrick, 155 Colo. 73, 392 P.2d 653; and Palmer Park Gardens, Inc. v. Potter, 162 Colo. 178, 425 P.2d 268.
The trial court refused plaintiff's tendered instruction and directed the jury to limit plaintiff's recovery to the extent of the aggravation of plaintiff's prior injury. The jury was also instructed that the burden of proving the extent of the aggravation was upon the plaintiff. In so instructing, the trial court distinguished the above cases on the basis that they all involved pre-existing conditions not caused by trauma and for which no prior recovery had been obtained.
None of the cited decisions intimates that the rule set forth therein would be different if the pre-existing condition were of traumatic origin for which a damage recovery had been received. Nor is any such distinction made in the Colorado Jury Instructions. See Colorado Jury Instructions 6:8. See also, Wise v. Carter, 119 So.2d 40 (Fla.App.). In view of these authorities, we see no basis upon which the distinction applied by the trial court can be upheld and hold that the trial court erred in refusing plaintiff's tendered instruction.
The judgment is reversed and remanded for a new trial on the issue of damages.
DWYER and PIERCE, JJ., concur.