John A. ROMERO, Plaintiff–Appellee,

v.

Keith D. PARKER, Defendant–Appellant,

and

Reese D. McKinney, Jr., Defendant–Appellee and Cross–Appellant.

No. 79CA1033.

Colorado Court of Appeals,
Div. I.

Sept. 25, 1980.

Melat & Wheeler, Jeffrey R. Wheeler, Colorado Springs, for plaintiff–appellee.

Rector, Retherford, Mullen & Johnson, L. Dan Rector, Colorado Springs, for defendant–appellant Keith D. Parker,

Kane, Donley & Wills, Thomas Kelly Kane, Colorado Springs, for defendant–appellee and cross–appellant Reese D. McKinney, Jr.

KIRSHBAUM, Judge.

Defendant Keith D. Parker appeals from a judgment of the trial court awarding damages against him alone on plaintiff's complaint for personal injuries. Defendant Reese D. McKinney, Jr., cross–appeals the trial court's order denying his motion to dismiss on the ground that plaintiff failed to meet the threshold requirements of the Colorado Auto Accident Reparations Act, § 10–4–714, C.R.S. 1973. We affirm.

The parties have stipulated to the following facts pertinent to this appeal. On April 15, 1974, Romero was injured when his car was struck in the rear by a car driven by McKinney. As a result, Romero allegedly sustained damages of $178 in medical bills and $2,219.85 in lost wages, up to and including June 22, 1974. On that date, Romero was again injured when a car driven by Parker collided with the rear end of a car driven by Romero. Romero incurred medical expenses of $522 and lost wages of $6,565.75 subsequent to June 22, 1974.

Romero filed a personal injury action against both defendants, alleging permanent injuries, pain and suffering, and special damages. At trial an expert witness called by Romero testified that the cause of

Romero's permanent injuries could not be apportioned between the two collisions. The jury awarded damages of $25,000 to Romero, and, in response to special interrogatories, stated that both defendants were negligent, that each act of negligence proximately caused injuries to Romero, and that liability for his injuries could not be apportioned. The trial court thereafter entered judgment against Parker alone in the amount of $25,000.

Parker contends the trial court erred in entering judgment against him alone. We disagree.

In *Newbury v. Vogel*, 151 Colo. 520, 379 P.2d 811 (1963), our Supreme Court held that when a person negligently causes trauma to another person who has a pre–existing diseased condition, and the fact–finder cannot apportion the injured party's disability between that caused by the pre–existing condition and that caused by the trauma, the negligent person who caused the subsequent trauma is responsible for the entire damage resulting from the disability. In *Bruckman v. Pena*, 29 Colo.App. 357, 487 P.2d 566 (1971), this court concluded that a person who negligently causes injury to another person is responsible only for the damages suffered as a result of that trauma, and cannot be held liable for damages caused by a subsequent injury to the victim, whether or not the victim's damages can be apportioned between the two injuries. And, in *Hylton v. Wade*, 29 Colo.App. 98, 478 P.2d 690 (1970), this court, applying *Newbury v. Vogel, supra*, held that when it is impossible to apportion the amount of disability and pain between that caused by an initial accident and that caused by a subsequent accident, the party who negligently caused the subsequent trauma will be liable for the entire disability of the injured person.

Parker contends, however, that the decision of *Sutterfield v. District Court*, 165 Colo. 225, 438 P.2d 236 (1968) creates an exception to the rule of *Newbury v. Vogel, supra*. We disagree.

In *Sutterfield, supra*, the Supreme Court held that, under the findings and conclusions of the trial court contained in the record, the trial court erred in granting the defendant's motion to sever claims brought by a plaintiff against two defendants for separate injuries. In considering the applicability of *Newbury v. Vogel, supra*, to the question before it, the court concluded that it would be preferable to present the question of apportionability to a single jury. However, nothing in *Sutterfield* supports Parker's argument that a result contrary to *Newbury's* requirements should be reached when the jury finds apportionment impossible. We therefore conclude that *Newbury* and its progeny control the question here presented.

We also find no merit to Parker's contention that the jury erroneously failed to apportion damages "where damages clearly should have been apportioned." The testimony of plaintiff's expert witness supports the jury's verdict, and Parker does not contend that the special interrogatories submitted to the jury were erroneous or misleading. The questions and answers thereto do not permit any conclusion as to whether the jury actually assessed lost wages or any other special damages, which were disputed, or as to whether any portion of the $25,000 general verdict was related solely to the first accident. The parties having agreed upon the form of the special interrogatories submitted to the jury, they are bound by them on appeal. *See Caldwell v. Kats*, 193 Colo. 384, 567 P.2d 371 (1977).

McKinney cross–appeals on the basis that the trial court should have dismissed the case against him because the evidence established that plaintiff incurred medical expenses of less than $500 as a result of the April 15, 1974 accident. Our affirmance of the trial court's decision on other grounds renders that argument moot.

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.