Jill L. LEVY–WEGRZYN, D.V.M., Plaintiff–Appellee,

v.

Cindy EDIGER, D.V.M., individually, and d/b/a Kittredge Small Animal Hospital, Defendant–Appellant,

and

Kittredge Small Animal Hospital, P.C., a Colorado professional corporation, Intervenor–Appellant.

No. 93CA0476.

Colorado Court of Appeals, Div. IV.

Oct. 20, 1994.

Rehearing Denied Dec. 22, 1994.

Certiorari Denied July 31, 1995.

Levy & Lambdin, P.C., Marc R. Levy, Scott P. Landry, Englewood, CO, for plaintiff-appellee.

Moye, Giles, O'Keefe, Vermeire & Gorrell, Erik K. Foster, Patrick E. Meyers, Denver, CO, for defendant-appellant and intervenor-appellant.

Opinion by Judge MARQUEZ.

In this action for damages for violation of the provision now codified as § 13–71–134, C.R.S. (1994 Cum.Supp.), defendant, Cindy Ediger, and intervenor, Kittredge Small Animal Hospital, P.C., jointly appeal a judgment entered against them and in favor of plaintiff, Jill L. Levy–Wegrzyn. We affirm in part, reverse in part, and remand with directions.

From the limited record available to us, we discern the following. Ediger is a veterinarian and the owner of all of the stock of the hospital. Plaintiff, also a veterinarian, worked at the hospital from July 1990 through February 4, 1992.

According to the trial court's findings, in December 1991, plaintiff received a summons to juror service and informed Ediger of that fact. Thereafter, by various means, Ediger attempted to thwart plaintiff from serving on a jury and, eventually, directed her to ask to be excused from jury service because it would constitute a financial hardship to Ediger. Nevertheless, plaintiff was selected as a juror, and soon after being informed of that fact, Ediger fired plaintiff.

Plaintiff filed suit against "Cindy Ediger, D.V.M., individually, and d/b/a Kittredge Small Animal Hospital," alleging that "Plaintiff was hired by Defendant" and that the termination violated § 13–71–134 which provides for penalties and enforcement remedies for harassment by employers concerning juror service.

A summons was issued to "the above-named defendant" and was served with the complaint personally on Ediger. Ediger's answer admitted the allegation that plaintiff was hired by defendant, but denied that plaintiff was terminated because of plaintiff's obligation and performance of juror service, and also asserted certain affirmative defenses and counterclaims.

Following a bench trial in January 1993, the court found in favor of the plaintiff and against the defendant, "Cindy Ediger, D.V.M., individually, and d/b/a Kittredge Small Animal Hospital." The court also found that defendant's conduct was a willful violation of § 13–71–134 and, thus, trebled the damages and awarded attorney's fees.

New counsel subsequently appeared "on behalf of Cindy L. Ediger, D.V.M. ('Dr. Ediger') and Kittredge Small Animal Hospital, P.C., a Colorado professional corporation...." and filed a Motion to Amend Judg-

ment pursuant to C.R.C.P. 59, requesting the court, for the first time, to clarify that "the judgment is solely against Plaintiff's *employer*—the Hospital Corporation—and *not* against Dr. Ediger individually." At this time, Ediger and the corporation produced evidence to show that plaintiff was employed by the corporation and not Ediger.

While the trial court denied that motion, it then ordered that the judgment was entered against both Ediger and against the corporation, jointly and severally. Kittredge Small Animal Hospital, P.C., later moved to intervene pursuant to C.R.C.P. 24(a) in order to protect its interests and the motion was granted.

## I.

■ Asserting that the statutory language imposes liability against the employer, not an officer or shareholder of the employer, defendant Ediger argues that the trial court improperly entered judgment against her individually since she was not the plaintiff's "employer." Thus, according to Ediger, she cannot be liable for damages stemming from § 13–71–134. We reject this argument.

Section 13–71–134 provides in pertinent part:

(1) An employer shall not deprive an employed juror of employment or any incidents or benefits thereof, nor shall an employer harass, threaten, or coerce an employee because the employee receives a juror summons, responds thereto, performs any obligation or election of juror service as a trial or grand juror, or exercises any right under any section of this article. An employer shall make no demands upon any employed juror which will substantially interfere with the effective performance of juror service. The employed juror may commence a civil action for such damages or injunctive relief or both, as may be appropriate, for a violation of this section. The court may award treble damages and reasonable attorney fees to the juror upon a finding of willful misconduct by the employer. Any trial of such an action shall be to the court without a jury.

Here, the record reflects that defendant Ediger failed to assert that she was not an "employer" under § 13–71–134 until after the conclusion of the trial. Further, in her answer, counterclaim, disclosure certificate, and trial brief Ediger admitted she was plaintiff's employer. Ediger filed a counterclaim as "Cindy Ediger, D.V.M., individually, *and d/b/a Kittredge Small Animal Hospital*" (emphasis added) alleging "Levy was hired by Ediger" and that "Ediger terminated Levy's employment." Ediger's disclosure certificate expressly admits that "Plaintiff was hired by Defendant." The trial brief submitted by "Defendant and Third Party Plaintiff, Cindy Ediger, D.V.M., individually, and d/b/a Kittredge Small Animal Hospital ('Dr. Ediger')" states:

Plaintiff, a doctor of veterinary medicine, Jill Levy–Wegrzyn ('Dr. Levy'), was hired by Dr. Ediger as an 'at will employee' at the Kittredge Small Animal Hospital....

Thus, Ediger has waived the right to invoke this defense. *See Stone's Farm Supply, Inc. v. Deacon,* 805 P.2d 1109 (Colo. 1991).

The trial court's initial order following trial includes, *inter alia,* findings that "Plaintiff ... worked for defendant" and that "defendant hired plaintiff." The trial court concluded: "Defendant has violated C.R.S. 13–71–134. Defendant's conduct was willful" and "the employer-employee relationship between plaintiff and defendant would have been terminated within one year...." These findings are supported by the evidence.

■ The record on appeal does not contain a transcript of the trial proceedings. It is the obligation of the party asserting error in a judgment to present a record that discloses that error, for a judgment is presumed to be correct until the contrary affirmatively appears. *Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983); *see* C.A.R. 10(b). Defendant has failed to present such a record here.

Accordingly, we will not disturb the trial court's imposition of liability on Ediger.

## II.

 However, we do agree with the intervening party, Kittredge Small Animal Hospital, P.C., that judgment against the corporation must be reversed. The corporation was not a named party and there is no evidence it was served with process. *See* C.R.C.P. 3; *Bush v. Winker*, 892 P.2d 328 (Colo.App. 1994).

## III.

 Plaintiff argues that pursuant to C.A.R. 38 and 39 and § 13–71–134, she should be awarded reasonable attorney fees and costs relative to this appeal. We disagree with plaintiff's contention that defendant's appeal is frivolous; however, we agree that plaintiff is entitled to reasonable attorney fees pursuant to § 13–71–134 for defending the judgment on appeal.

Section 13–71–134 provides that the court may award reasonable attorney fees to the juror upon a finding of willful misconduct by the employer. Here, with record support, the trial court found willful misconduct and awarded attorney fees for the proceedings in that court.

 When, as here, a party, pursuant to a statute, has been appropriately awarded attorney fees for a stage of the proceeding prior to the appeal, that party will be entitled to reasonable attorney fees for defending the appeal. *See Carnal v. Dan Coleman, Inc.*, 727 P.2d 412 (Colo.App.1986) (attorney fees awarded in statutory wage claim action).

The fundamental purpose of awarding attorney fees for the trial stage, where authorized by statute, is to make the plaintiff whole. This purpose would be frustrated by a requirement that plaintiff pay attorney fees to defend the employer's appeal. *See Buder v. Sartore*, 774 P.2d 1383 (Colo.1989); *In re Conservatorship of Roth*, 804 P.2d 265 (Colo. App.1990).

Also, costs for the appeal should be borne by defendant, pursuant to C.A.R. 39.

In view of our disposition, we need not address the parties' remaining contentions.

The judgment against the corporation is reversed. In all other respects the judgment is affirmed, and the cause is remanded for a determination of reasonable attorney fees to be awarded plaintiff for this appeal.

ROTHENBERG and CASEBOLT, JJ., concur.