**Frank RUBIO, Plaintiff–Appellant,**

v.

**Andrew K. FARRIS, Defendant–Appellee.**

**No. 00CA2080.**

Colorado Court of Appeals, Div. III.

June 20, 2002.*

* Prior Opinion Announced March 7, 2002, WITHDRAWN. Petition for Rehearing GRANTED.

Lloyd C. Kordick & Associates, Lloyd C. Kordick, Colorado Springs, Colorado, for Plaintiff–Appellant.

Hall & Evans, L.L.C., Alan Epstein, Denver, Colorado; Hanson & Associates, Stuart Theodore, Greenwood Village, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

In this personal injury action, plaintiff, Frank Rubio, appeals from the order awarding to defendant, Andrew K. Farris, the actual costs he incurred following an offer of settlement. We vacate the order and remand.

Plaintiff was injured in an automobile accident with defendant on December 3, 1995. Defendant stipulated that his negligence was the sole cause of the accident.

On August 20, 1997, defendant served an offer of settlement on plaintiff, pursuant to § 13–17–202(1)(a)(II), C.R.S.2001, in the amount of $35,000, inclusive of costs and interest. Plaintiff did not respond to the offer, and thus it expired by operation of law.

The case proceeded to trial, and the jury returned a verdict in favor of plaintiff in the amount of $23,000.

Defendant then filed a motion for actual costs on the basis that the final judgment was less than the offer of settlement. Plaintiff sought his costs under C.R.C.P. 54(d) and argued that defendant was not entitled to actual costs because the amount of the jury

verdict plus preoffer interest and costs incurred by plaintiff exceeded defendant's settlement offer.

The trial court determined that because plaintiff's judgment, including preoffer interest, did not exceed the offer of settlement, defendant was entitled to his postoffer actual costs in the amount of $672.15. Consequently, the court concluded that plaintiff was not entitled to recover any of his costs. The court then entered judgment in favor of plaintiff on the jury verdict, plus interest, and offset that amount by the award of costs in favor of defendant.

Plaintiff contends that the trial court erred in determining that defendant was entitled to his postoffer costs pursuant to § 13–17–202(1)(a)(II) and in not awarding plaintiff costs as the prevailing party. We conclude that additional proceedings are necessary.

### I.

Initially, we reject plaintiff's contention that § 13–17–202 is unconstitutional because it: (1) benefits only defendants, not plaintiffs, in violation of the equal protection guarantees embodied in U.S. Const. Amend. XIV and Colo. Const. art. II, § 25; and (2) infringes upon a plaintiff's right to a recover damages in violation of the right to a "remedy" afforded by Colo. Const. art. II, § 6.

Section 13–17–202(1)(a), provides, in relevant part:

> (I) If the plaintiff serves an offer of settlement at any time more than ten days before the commencement of the trial that is rejected by the defendant and the plaintiff recovers a final judgment in excess of the amount offered, then the plaintiff shall be awarded actual costs accruing after the offer of settlement to be paid by the defendant;
>
> (II) If the defendant serves an offer of settlement at any time more than ten days before the commencement of the trial that is rejected by the plaintiff and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff. . . .

■ The intent of § 13–17–202 is to encourage the settlement of litigation. *Cen-*

*tric–Jones Co. v. Hufnagel,* 848 P.2d 942, 946–47 (Colo.1993). It imposes upon the party who rejects an offer of settlement, but recovers less than the amount of the offer, all of the postoffer costs of the offeror. Additionally, it modifies § 13–16–104, C.R.S.2001, and C.R.C.P. 54(d) by not allowing the rejecting party who recovers less at trial to recover his or her costs, even though that party is determined to be the prevailing party. *Bennett v. Hickman,* 992 P.2d 670, 672–73 (Colo.App.1999).

■ Because § 13–17–202 provides equal opportunity and risk to plaintiffs and defendants alike, it does not violate equal protection principles.

■ Nor does § 13–17–202 violate Colo. Const. art. II, § 6, which provides that "Courts of justice shall be open to every person, and a speedy remedy afforded to every injury to person, property or character; and right and justice should be administered without sale, denial or delay." This constitutional provision creates only a procedural right of access to the courts whenever the General Assembly creates a substantive right that accrues under Colorado law. *See Alexander v. Industrial Claim Appeals Office,* 42 P.3d 46, 49 (Colo.App.2001). Because it does not address the scope or adequacy of substantive remedies, it is not violated by § 13–17–202's impact on plaintiffs' recovery of monies. *See State v. DeFoor,* 824 P.2d 783, 791 (Colo.1992).

### II.

Nonetheless, we agree with plaintiff that § 13–17–202 was misapplied in this case. Here, the offer of settlement provided: "Defendant pursuant to C.R.S. § 13–17–202 offers $35,000.00, (Thirty–Five Thousand Dollars and 00/100), to settle all issues in the above matter, *which offer includes all costs and interest*" (emphasis added).

■ In determining whether the judgment obtained by plaintiff is greater than the offer of settlement made by defendant, the judgment and offer must be considered in a like manner. Thus, because the offer included all costs and interest, the judgment must also include these items. Accordingly, the offer of settlement must be compared to the amount of the jury verdict, plus all reason-

able costs and interest incurred as of the date of the offer. *See Chartier v. Weinland Homes, Inc.*, 25 P.3d 1279, 1283 (Colo.App. 2001).

Here, the record shows that the trial court did not consider plaintiff's preoffer costs in determining whether the judgment obtained by plaintiff exceeded defendant's offer of settlement. Because the sum of the jury verdict ($23,000), plaintiff's asserted preoffer costs ($9,456.87), and preoffer interest ($3,845.97), is $36,302.79, which exceeds the $35,000 offer of settlement, we conclude that the trial court may have erred in awarding defendant his actual costs. On remand, the trial court must consider plaintiff's asserted preoffer costs, and the reasonableness thereof, in assessing an award of costs.

The order is vacated, and the case is remanded to the trial court with directions to award reasonable costs in conformance with §§ 13–16–104 and 13–17–202, C.R.C.P. 54(d), and the views expressed in this opinion.

Judge NEY and Judge ROY concur.