In re Barbara J. MORGAN, Plaintiff

v.

The GENESEE COMPANY, LLC; Horse-shoe Lake Investors, LLC; The Genesee Company/Horseshoe Lake Investors, LLC; Kathryn A. Fox; Dale Martin; and Gerald J. Forro, Defendants.

No. 03SA276.

Supreme Court of Colorado,
En Banc.

March 15, 2004.

Ball, Easley, Wabeke, Brummet, and Johnson, Dwight D. Brummet, Loveland, Colorado, Attorneys for Petitioner.

Liggett, Smith, and Wilson, P.C., Zachary G. Wilson, Amy K. Rosenberg, March, Lilly, and Olive, P.C., Stewart W. Olive, Fort Collins, Colorado, Attorneys for Respondents.

Justice MARTINEZ delivered the Opinion of the Court.

In this original proceeding, brought pursuant to C.A.R. 21, 12 C.R.S. (2003), the plaintiff, Barbara Morgan, seeks relief from a trial court order granting judgment for her, but over her objection, for the amount of damages specified in her initial disclosure statement filed pursuant to C.R.C.P. 26(a)(1)(C), 12 C.R.S. (2003). Defendants Genesee Company and Horseshoe Lake Investors filed a joint motion asking the trial court to grant judgment against them for $24,041.75, the amount of damages listed in Morgan's initial disclosure statement. After considering the arguments of both parties on the issue, the trial court granted the defense motion. The issue central to the case before us is whether a party may have judgment entered against them for a specific amount of damages over

the objection of the opposing party. In the procedural context in which this issue is presented to us, we hold that the trial court erred by granting judgment against Genesee Company and Horseshoe Lake Investors for the amount of damages specified in Morgan's initial disclosure statement.

## I.

## FACTS AND PROCEEDINGS BELOW

On August 12, 2002, Morgan filed suit against several defendants (The Genesee Company, LLC, Horseshoe Lake Investors, LLC, Kathryn A. Fox, Dale Martin, and Gerald Forro) asserting claims for relief that include: breach of contract, third party beneficiary breach of contract, negligence, fraud, and consumer protection act violations. These claims arose from flooding that took place on Morgan's property. At no point in the complaint did Morgan specify what monetary damages she had incurred.

On March 21, 2003, Morgan filed her initial disclosure statement pursuant to C.R.C.P. 26(a)(1)(C). In the disclosure statement, Morgan claimed that she had incurred damages totaling $24,041.75. Morgan also noted in her disclosure statement that, "these disclosures are based on the information now known and reasonably available to the Plaintiff. The disclosures made herein may be updated as discovery continues."

On April 10, 2003, defendants Genesee Company, Horseshoe Lake Investors, Kathryn Fox, and Dale Martin, filed a joint motion for judgment and order based upon certain pleadings. The defendants asked that the trial court enter judgment against Genesee Company and Horseshoe Lake Investors for the amount of damages contained within Morgan's initial disclosure statement.[1] In support of their motion, the defendants argued that the damages listed in Morgan's initial disclosure statement, $24,041.75, were less than the $24,753.25 that the defendants offered to settle the matter. Additionally, the defendants contended that the trial court

should grant their joint motion because the defendants had cooperated with the city of Loveland to allow certain drainage and other work to be performed on Morgan's property. Although the defendants asked that a $24,041.75 judgment be entered against Genesee Company and Horseshoe Lake Investors for the damage to Morgan's property, they wished to contest attorney fees and interest payments on the property.

On April 15, 2003, the trial court granted the defendants' joint motion and entered judgment against them for $24,041.75. Morgan later filed a response to the defendants' joint motion for judgment. In that response, Morgan indicated that she had based the damages listed in her initial disclosure statement on estimates she received from a contractor and engineering fees she had incurred prior to March 21, 2003. Morgan further stated that the city of Loveland and certain defendants had not yet given her permission to make repairs, and therefore all the damages she listed in the initial disclosure were based on estimates.

After receiving Morgan's response, the trial court vacated its April 15 order and allowed the parties to contest the issue. The defendants argued to the court that Morgan changed the scope of the repairs to her property after receiving the defendants' offer of settlement. Thus, the defendants claimed, Morgan should not be allowed to increase the amount of her damages prior to trial. Further, the defendants insisted that the doctrine of judicial estoppel barred Morgan from increasing claimed damages by changing the scope of work on her property.

On May 9, 2003, the trial court issued an order reinstating its earlier ruling entering judgment against Genesee Company and Horseshoe Lake Investors for $24,041.75. In essence, the trial court ruled in favor of the defendants because Morgan did not specifically characterize the damages listed in her initial disclosure statement as "estimates." The trial court reasoned:

---

1. In their joint motion, the defendants specifically stated:

Defendants Genesee Company/Horseshoe Lake, LLC is willing to allow judgment to be

entered against it in the amount of the $24,041.75 specified by Morgan in her disclosure, if the Court limits the issues remaining for determination herein.

The Disclosure statement of plaintiff submitted on March 21, 2003, provided a computation of damages. No language as to these computations being estimates was used. Rather, plaintiff indicated only "Plaintiff has incurred damages...." Therefore, based on the pleadings and the argument of defendants set forth in their motion and reply, the Court reinstates the order previously signed by the court on April 15, 2003. As to these defendants, the sole remaining issue shall be as to attorney fees and/or interest payments on the unused property.

Following this ruling, Morgan filed a supplemental disclosure statement pursuant to C.R.C.P. 26(a)(1) detailing additional damages she had incurred. Morgan also filed a motion for reconsideration and request for hearing regarding the trial court's entry of judgment against Genesee Company and Horseshoe Lake Investors. In her motion for reconsideration, Morgan again asserted that she used estimates to compute damages in her initial disclosure statement because the repair work had not yet been completed. Further, Morgan argued that the initial estimates related to engineering reports that had been previously submitted to the city of Loveland. Morgan noted that additional engineering reports were currently pending with the city of Loveland and, if approved, would generate further costs and damages. Finally, Morgan contended that the defendants' reliance on the doctrine of judicial estoppel was misplaced.

The defendants filed a response to Morgan's motion for reconsideration on July 14, 2003. In their response, the defendants argued that the engineering reports pending approval by the city of Loveland were based on changes to the drainage system that were completely at Morgan's discretion. Therefore, the defendants contended that they should not be held responsible for the costs associated with these discretionary repairs.

On August 12, 2003, the trial court found that its original order was appropriate and denied Morgan's motion to reconsider. Pursuant to C.A.R. 21, Morgan asks this court to determine whether it was proper for the trial court to grant defendants' joint motion requesting that judgment be entered against Genesee Company and Horseshoe Lake Investors for $24,041.75, the amount of damages listed in Morgan's initial disclosure statement.

## II.

### C.A.R. 21 Jurisdiction

We have original jurisdiction under C.A.R. 21 to review "whether a trial court abused its discretion in circumstances where a remedy on appeal would prove inadequate." *Silva v. Basin W., Inc.,* 47 P.3d 1184, 1187 (Colo.2002); *Leaffer v. Zarlengo,* 44 P.3d 1072, 1077 (Colo.2002); *Todd v. Bear Valley Vill. Apartments,* 980 P.2d 973, 975 (Colo. 1999). Ultimately, the exercise of original jurisdiction is "governed by the particular circumstances of the case." *Hamon Contractors, Inc. v. Dist. Court,* 877 P.2d 884, 887 (Colo.1994). Accordingly, given the unique circumstances of the present case and procedural context in which it arose, we exercise original jurisdiction to determine whether the trial court erred in granting judgment against Genesee Company and Horseshoe Lake Investors for the damages contained within Morgan's initial disclosure statement.

Generally, orders relating to discovery are interlocutory in nature and not reviewable in an original proceeding. *Silva,* 47 P.3d at 1187; *Bond v. Dist. Court,* 682 P.2d 33, 36 (Colo.1984). However:

we have not been reluctant to exercise that original jurisdiction when an order, otherwise interlocutory in character, will place a party at a significant disadvantage in litigating the merits of the controversy. Although matters of pretrial discovery are ordinarily within the discretion of the trial court, they are not exempted from extraordinary relief under appropriate circumstances.

*Sanchez v. Dist. Court,* 624 P.2d 1314, 1316–17 (Colo.1981). In the present case, the trial court exceeded its authority to regulate the pretrial discovery process by granting the defendants' joint motion for judgment for the amount of damages specified in Morgan's initial disclosure statement and effectively imposing settlement on Morgan. Thus, we

exercise original jurisdiction, make the rule absolute, and direct the trial court to deny the joint motion for judgment that it previously granted.

## III.

## ANALYSIS

This case raises the question of whether the court may enter judgment at the request of the defendants for the specific amount of damages indicated in a plaintiff's disclosure statement, over the objection of a plaintiff. The defendants in this case argue that Morgan is bound by the amount of damages listed in her initial disclosure statement largely because Morgan did not expressly state in the disclosure statement that her damages were speculative. Morgan argues that the amount of damages contained within her disclosure statement is not binding, noting the statement indicated that the damages were based upon information that was known at the time the initial disclosure statement was filed and further, that the statement indicated the amount of damages could be updated.

At the onset, it is important to our analysis to discuss the procedural context in which this dispute has arisen. We begin by concluding that the motion for judgment in a specific amount was not an offer of judgment or settlement, although it is facially similar to both. We also note that the context was not a hearing or trial on the appropriate amount of judgment after a confession of liability. Finally, we emphasize the court was not imposing sanctions on an errant party for deficiencies in the disclosure. Only after clarifying the procedural context in which this dispute arose can we discuss the effect of a motion for judgment at the request of the defendants for the specific amount of damages indicated in Morgan's disclosure statement, over the objection of Morgan.

2. Other jurisdictions have also recognized that offers to confess judgment are not binding absent a plaintiff's approval. In *Phillips v. Carson,* 240 Kan. 462, 731 P.2d 820, 831 (1987), the Kansas Supreme Court stated that:

## A.

## PROCEDURAL CONTEXT

### 1. OFFER OF JUDGMENT AND OFFER OF SETTLEMENT

■ According to their joint motion for judgment, Genesee Company and Horseshoe Lake Investors offered to settle this case for $24,753.25, but Morgan did not accept the offer. Subsequently, on March 21, 2003, Morgan filed her initial disclosure statement pursuant to C.R.C.P. 26(a)(1)(C). In that statement, Morgan explained that she had thus far incurred damages totaling $24,041.75. Soon thereafter, the defendants attempted to confess judgment for the specific amount of damages contained within Morgan's initial disclosure statement.

Before 1990, the procedure governing offers of judgment was contained in C.R.C.P. 68. *See Hildyard v. W. Fasteners, Inc.,* 33 Colo.App. 396, 522 P.2d 596, 598 (1974) ("C.R.C.P. 68 sets forth the procedure in Colorado for confession of judgment by authorizing defendants to offer to allow judgment to be taken against them."). C.R.C.P. 68 provided a mechanism through which a defendant could offer to have judgment entered against him for monetary damages or property. As C.R.C.P. 68 specifically stated:

> At any time more than ten days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specialized in his offer, with costs then accrued.

Although C.R.C.P. 68 supplied defendants with a means to attempt to settle a dispute, judgment could not be entered against any defendants absent a plaintiff's approval. C.R.C.P. 68 related that an "offer not accepted shall be deemed withdrawn." Thus, if a party declined to accept an offer of judgment, the offer could not be construed as binding. *Hildyard,* 522 P.2d at 598.[2] Addi-

> it is a general rule that a creditor must consent to or ratify a judgment by confession. Such a judgment is not binding on the plaintiff unless the plaintiff consents to the judgment or later ratifies it.

tionally, under C.R.C.P. 68, if a party declined an offer of judgment and was granted a final judgment that was less favorable than the offer, that party would be liable for "the costs incurred after the making of the offer." In essence, C.R.C.P. 68 was designed to encourage settlement by establishing a cost shifting penalty for rejecting an offer subsequently determined by the verdict to be a sufficient amount.

In the present case, Morgan objected to the defendants' offer to have judgment entered against them for the amount of damages contained within Morgan's initial disclosure statement. Although the rule is no longer applicable, even former C.R.C.P. 68 required that a plaintiff accept any offer of judgment in order for that offer to become binding.

 C.R.C.P. 68 was replaced by the current offer of settlement statute, section 13–17–202, 5 C.R.S. (2003). Former C.R.C.P. 68 and section 13–17–202 are very similar in that the purpose of each is to encourage the settlement of disputed claims. *See Centric–Jones Co. v. Hufnagel,* 848 P.2d 942, 947 (Colo.1993). In order to encourage settlement, section 13–17–202 "provides very clear and definite steps" for a party to follow should they wish to resolve a case before trial. *Id.* at 947. Because section 13–17–202 offers such a clear procedure for parties to follow, a trial court has a small role in the offer of settlement process. As we noted in the *Centric–Jones Co.* case:

> the parties, not the court, are the players under the statute, and the operation of the statute takes place largely outside the aegis of the trial court. Unless the offer is accepted or the amount recovered at trial is less than the offer, nothing is filed with the court concerning an offer of judgment. Furthermore, the court is required to award costs if the offer is refused and the subsequent trial judgment obtained is less

favorable to the offeree than the offer, whether the offeree prevails or not. The court is not permitted to award costs to the prevailing party. The court also has no discretion to alter or modify the offer of judgment if accepted by the offeree, and the clerk must enter the judgment under the plain language of the statute, which states that "the clerk shall enter judgment." The use of the word "shall" within a statute is presumed to be mandatory.

*Id.* at 947.

In the present case, Genesee Company and Horseshoe Lake Investors offered to settle prior to Morgan's filing of the initial disclosure statement. The offer was subsequently rejected by Morgan. Thus, as explained above, Genesee Company and Horseshoe Lake Investors essentially attempted to confess judgment for the amount of damages specified in the initial disclosure statement despite the fact that such action is not authorized by section 13–17–202. Section 13–17–202 is designed to encourage parties to work together to resolve a dispute through settlement. In contrast, Genesee Company and Horseshoe Lake Investors are attempting to bind Morgan to the damages listed in her initial disclosure statement over her objection. The defendants' action in this regard takes them out of the purview of section 13–17–202.

 As we have shown, the defendants' motion for judgment in a specific amount was neither an offer of judgment nor an offer of settlement. Similarly, it is also improper to characterize the defendants' motion as a confession of liability and a request for a hearing or trial to determine the amount of damages. The motion expressly states that the defendants are willing to have judgment entered against them for the specific amount of damages listed in Morgan's initial disclosure statement ($24,041.75).[3] It would be unfair

Similarly, the Supreme Court of Nebraska related:

> In order that a confession of judgment may be binding on the plaintiff, it is essential that he, either expressly or impliedly, assent thereto; if it is made without his request, knowledge, or consent, and entered at the instance of the

debtor alone, it will have no validity unless the creditor ratifies or accepts it.

*In re Estate of Redpath,* 224 Neb. 845, 402 N.W.2d 648, 652 (1987).

3. While the defendants were willing to have judgment entered against them for · the specific amount of damages contained within Morgan's initial disclosure statement, the defendants only

to the defendants to read the motion as confessing liability and asking the court to determine the proper amount of damages. Rather, the request for judgment appears to be conditioned on the court's willingness to impose judgment in the specified amount. Indeed, in her response to the defendants' motion, Morgan did not agree with the request for a judgment on liability and opposed only the amount of damages. Rather, she, and the court, apparently read the motion as offering to confess judgment only if judgment was in the amount of $24,041.75. Hence, the court did not conduct a hearing[4] to determine the appropriate amount of damages.

It is important to note that this was not a hearing on damages because, in the context of such a hearing, a court could face questions about whether a deficient disclosure statement should be sanctioned by limiting evidence that might be produced. Thus, our discussion of whether the disclosure statement has the binding effect urged is limited to the issue of a request for judgment in favor of the objecting party in a specified amount.

## 2. PURPOSE AND SCOPE OF DISCOVERY

■ As we will discuss below, C.R.C.P. 26(a)(1)(C) and C.R.C.P. 26(e) exist to ensure that discovery information is provided early and is updated in a timely manner in order to both promote accuracy and encourage settlement while preparing for trial. Judgment in the specific amount of the initial disclosure in this case discounts the importance of the early exchange of information and the resulting need to update disclosed information. Additionally, the trial court's action inappropriately extends to defendants the power to

agreed to such if the court limited the issues remaining for determination. Thus, the defendants wished to contest "the applicability of attorney fees and interest payments on the unused property, as being proper elements of damage."

4. In the complaint filed on August 12, 2002, Morgan requested that all issues pertaining to liability and damage be tried by a jury. Although there exists no constitutional right to a jury trial in civil cases in Colorado, *Gleason v. Guzman,*

decide at what point in the discovery process disclosed information becomes binding.

■ According to C.R.C.P. 1(a), the Colorado Rules of Civil Procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every action." And although the scope of discovery is not limitless, the scope of discovery under the Rules is very broad. *Silva,* 47 P.3d at 1188. As this court noted in *J.P. v. Dist. Court,* 873 P.2d 745, 750 (Colo.1994), a liberal construction of the discovery rules:

> assures that all parties are afforded their day in court and guarantees that all relevant evidence is available for presentation at trial.... As such, it is unreasonable to deny a party an opportunity to present relevant evidence based on a draconian application of the pretrial rules.

The liberal nature of the Rules requires that, in close cases, a "balance must be struck in favor of allowing discovery." *Silva,* 47 P.3d at 1188; *Williams v. Dist. Court,* 866 P.2d 908, 911 (Colo.1993). We "liberally construe discovery rules to eliminate surprise at trial, discover relevant evidence, simplify issues, and promote the expeditious settlement of cases." *Silva,* 47 P.3d at 1188; *Bond,* 682 P.2d at 40. Thus, a fundamental goal of the discovery rules is to encourage the fair, just, and prompt resolution of disputes through settlement.

Given the unique circumstances of the present case, we are called upon to evaluate the relationship between the goal of the discovery rules in promoting settlement with a disclosure statement filed pursuant to C.R.C.P. 26(a)(1). In rendering its ruling on the issue of whether judgment should be entered against defendants Genesee Company and Horseshoe Lake Investors for the amount of damages stated in the initial disclosure statement, the trial court relied

623 P.2d 378, 382 (Colo.1981), C.R.C.P. 38, 12 C.R.S. (2003), affords parties a right to a jury upon compliance with the rule. Thus, hypothetically, even if Genesee Company and Horseshoe Lake Investors were to confess liability, Morgan were to accept their confession, and the issue of damages were to remain a contestable issue, Morgan may be entitled to a jury trial on damages.

heavily on the fact that Morgan did not indicate in her disclosure statement that the computation of damages were "estimates." The trial court reasoned:

> The Disclosure statement of plaintiff submitted on March 21, 2003, provided a computation of damages. No language as to these computations being estimates was used. Rather, plaintiff indicated only "Plaintiff has incurred damages."

In essence, because Morgan did not refer to the damages in her initial disclosure statement as estimates, the trial court bound her to the amount of damages listed in the document.

Mindful that the trial court was imposing judgment for Morgan over her objection, we do not agree that the initial disclosure statement may be given binding effect under these circumstances. The trial court's action is problematic for three reasons. First, it places undue significance on Morgan's failure to label the damages in the initial disclosure statement as estimates. Second, it takes the initial disclosure of damages out of context as they were properly described as "based on information now known and reasonably available to the Plaintiff." Finally, it ignores the importance of an early exchange of information and the resulting need to update disclosed information.

■ C.R.C.P. 26(a)(1) details the automatic disclosures a party must make within 30 days of a case becoming at issue. According to C.R.C.P. 26(a)(1), a party shall make these initial disclosures "based on information then known and reasonably available to the party." One of the initial disclosures a party must automatically make relates to the damages a party has suffered. Under C.R.C.P. 26(a)(1)(C), a party must disclose both a description of the damages the party has suffered and also a computation of the economic costs of the damages. C.R.C.P. 26(a)(1)(C) requires:

> A description of the categories of damages sought and a computation of any category of economic damages claimed by the disclosing party, making available for inspection and copying pursuant to C.R.C.P. 34 the documents or other evidentiary material, not privileged or protected from disclo-

sure, as though a request for production of those documents had been served pursuant to C.R.C.P. 34.

The purpose of this provision is to require early disclosure of information about damages in order to move the case toward trial or settlement.

■ Further, a party's duty to disclose damage computations does not end with the initial automatic disclosures. C.R.C.P. 26(e) imposes on litigants a continuing duty to update and supplement all C.R.C.P. 26(a) disclosures "in a timely manner." The relevant portion of C.R.C.P. 26(e) states:

> A party is under a duty to supplement its disclosures under section (a) of this Rule when the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the disclosure or discovery process.

The purpose of this provision is to provide accurate information to opposing parties throughout the discovery process, recognizing that previous disclosures may become incomplete or incorrect as preparation of the case progresses. With the aid of accurate, updated information, a party is better equipped to decide whether it is in his or her best interest to settle a case.

In the present case, Morgan properly filed C.R.C.P. 26(a)(1) disclosures. Pursuant to C.R.C.P. 26(a)(1)(C), the disclosure statement included a computation of damages totaling $24,041.75. Although Morgan indicated in the disclosure statement that "Plaintiff has incurred damages in the amount of" $24,041.75, she also stated that "disclosures are based on the information now known and reasonably available to the Plaintiff." The statement that the disclosures were based on information "now known and reasonably available" is consistent with the requirement of C.R.C.P. 26(a)(1) that a party make the initial disclosures "based on information then known and reasonably available to the party." Morgan also stated in her disclosure statement that, "The disclosures made herein may be updated as discovery continues." The representation the disclosure may be

updated is consistent with the continuing duty in C.R.C.P. 26(e) to update and supplement all C.R.C.P. 26(a) disclosures.

Despite her initial compliance with C.R.C.P. 26(a)(1)(C), the trial court bound Morgan to the computation of damages contained within her initial disclosure statement, and entered judgment against Genesee Company and Horseshoe Lake Investors, because Morgan did not refer to the damages as estimates. While it would have been more accurate for Morgan to characterize the damages listed in her initial disclosure statement as estimates, the trial court's ruling disregards the importance of early disclosure coupled with a continuing duty on litigants to supplement C.R.C.P. 26(a) disclosures. Rule C.R.C.P. 26(e) reflects the liberal nature of the discovery rules because it recognizes not only that information may change during the pretrial process, but also that some discovery may need to be corrected. As such, C.R.C.P. 26(e) is not designed to bind a party to their initial disclosures pursuant to C.R.C.P. 26(a)(1).

C.R.C.P 26(a)(1)(C) and C.R.C.P. 26(e) exist, in part, to ensure that a party is not surprised at trial because disclosures have not been adequately updated. Although the purposes of the rules include exchange of sufficient information to promote settlement, only if a disclosure is misleading or untimely would it seem to violate these purposes.

In the present case, the argument centers on whether a failure to characterize damages in an initial disclosure statement as estimates prevails over the indication that the information was based on what was then known and would be updated. The critical inquiry should instead focus on whether the defendants were misled to believe that the work on Morgan's property had been completed and that the initial disclosure was a final calculation of damages, or whether the defendants were somehow prevented from pursuing settlement. No claim has been made in this case that the defendants were misled by the damages or that Morgan failed to amend her disclosures in a timely manner. In fact, the actual damages in this case have yet to be determined because work has not been completed on the property. Thus, the defen-

dants seek to bind Morgan to an amount that, considered in context, was merely the latest bid for work not yet commenced.

The defendants' joint motion and the judgment of the trial court inappropriately extend to defendants the opportunity to decide at what point in the discovery process disclosed information becomes binding. Because defendants control the timing of a motion for judgment for the amount specified in a disclosure statement, they necessarily choose the moment in the discovery process when a binding effect is proposed for particular disclosures. Given the purposes behind C.R.C.P. 26(a)(1)(C) and C.R.C.P. 26(e), we cannot agree that continuing disclosures can be frozen in time to force settlement. Under all of these circumstances, the initial disclosure statement should not have a binding effect.

By binding Morgan to the damage computations listed in her initial disclosure statement merely because she did not designate the computations as estimates, the trial court overemphasizes Morgan's failure to state that the initial disclosure of damage was an estimate, neglects to view the initial disclosures in the context of being information "now known and reasonably available," and is insufficiently attentive to the importance of an early exchange of information and the resulting need to update disclosed information. C.R.C.P. 26(a)(1)(C) and C.R.C.P. 26(e) exist to ensure that information is updated in a timely manner in order to both promote accuracy and offer encouragement to settle. Absent some indication Morgan tried to mislead the defendants or the court in her initial disclosure statement or tried to frustrate the settlement process, she may not be required to accept an offer limited to her initial disclosures.

Parties involved in civil cases should work with one another in an attempt to settle their disputes. As we have shown, specific Colorado statutes and rules of civil procedure encourage settlement of claims. Section 13–17–202 details the steps a party must take in regard to offers of settlement. C.R.C.P. 26(a)(1)(C) and C.R.C.P. 26(e) exist, in part, to promote the exchange of sufficient information in order to encourage settlement. As

a whole, these statutes and rules afford parties opportunity and encouragement to settle disputes without court involvement. In this case, by granting the defendants' joint motion for judgment over the objection of Morgan, the trial court effectively imposed a settlement on Morgan and improperly involved the court in the settlement process. Hence, the trial court abused its discretion and its order of May 9, 2003 was in error.

## IV.

## CONCLUSION

We make the rule absolute and direct the trial court to deny the joint motion for judgment that it previously granted.