Amanda K. DILLEN, D.O.,
Plaintiff–Appellant,

v.

HEALTHONE, L.L.C., a Colorado
nonprofit corporation,
Defendant–Appellee.

No. 03CA1189.

Colorado Court of Appeals,
Div. III.

Sept. 9, 2004.

Certiorari Granted Feb. 14, 2005.

Seawell, Gilbertson, Buckmelter & Kang, LLC, Burke S. Gilbertson, Denver, Colorado, for Plaintiff–Appellant.

Holme Roberts & Owen, LLP, Richard L. Gabriel, Timothy M. Reynolds, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

Plaintiff, Amanda K. Dillen, appeals the judgment and orders denying her prejudgment interest and costs and granting costs in favor of defendant, HealthOne, L.L.C. We affirm.

Dillen is an osteopathic physician who participated in the osteopathic intern and residency program operated by HealthOne. The contract of employment obligated HealthOne to provide an educational program in accordance with the standards set by the American Osteopathic Association (AOA). Subsequently, the AOA denied accreditation to HealthOne's programs.

Dillen and two colleagues filed a suit against HealthOne asserting claims for (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) fraud, (4) breach of fiduciary duty, (5) outrageous conduct, (6) violation of the Colorado Consumer Protection Act, (7) unjust enrichment, (8) breach of contract implied in law against a fiduciary, and (9) fraudulent concealment.

In January 2003, HealthOne sent a letter to Dillen's counsel, pursuant to the offer of judgment statute, § 13–17–202, C.R.S.2003, offering to settle her claims for $95,000. That offer was rejected.

Subsequently, claims two, four, and eight were dismissed for failure to state a claim upon which relief could be granted. Dillen and her colleagues voluntarily dismissed claim seven.

Claims one, three, five, six, and nine were tried to a jury in March 2003. The jury found in favor of Dillen and her colleagues on their breach of contract claim, awarding each of them actual damages of $80,000, and found in favor of HealthOne on the other claims.

In May 2003, the court entered judgment pursuant to the jury award, denying Dillen her costs and awarding HealthOne its costs attributable to Dillen incurred after the January settlement letter (one-third of its costs), pursuant to § 13–17–202(1)(a)(II), C.R.S. 2003. In June 2003, the court denied Dillen's motion for prejudgment interest and motion to vacate the award of costs. Only Dillen appeals.

## I. Prejudgment Interest

■ Dillen argues that she is entitled to prejudgment interest because the jury awarded her damages for breach of contract. She argues that she contracted with HealthOne for an AOA-accredited education, which was wrongfully withheld, and for which the jury assigned a monetary value. We perceive no error.

Section 5–12–102, C.R.S.2003, provides:

(1) Except as provided in section 13–21–101, C.R.S., when there is no agreement as to the rate thereof, creditors shall receive interest as follows:

(a) When money or property has been *wrongfully withheld,* interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; or, at the election of the claimant,

(b) Interest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are *wrongfully withheld* or after they become due to the date of payment or to the date judgment is entered, whichever first occurs.

(Emphasis added.)

■ Section 5–12–102 "is to be given a broad liberal construction in order to effectuate the legislative purpose of compensating parties for the loss of money or property to which they are entitled." *Westfield Dev. Co. v. Rifle Inv. Assocs.,* 786 P.2d 1112, 1122 (Colo.1990). However, a plaintiff is not entitled to prejudgment interest on all compensatory damages flowing from a wrongful withholding of property. Rather, a proper award of prejudgment interest applies only to that part of the compensatory damages awarded for money or property "wrongfully withheld." *S. Park Aggregates, Inc. v. Northwestern Nat'l Ins. Co.,* 847 P.2d 218, 227 (Colo.App.1992). Prejudgment interest may not be awarded for future lost earnings because such earnings were not "due" or "withheld" within the meaning of § 5–12–102.

*Shannon v. Colo. Sch. of Mines,* 847 P.2d 210 (Colo.App.1992).

■ Here, neither the verdict nor the jury instruction distinguished between money or property "wrongfully withheld" and those damages attributable to loss of future profits. Regarding damages, the jury was instructed simply: "To the extent that actual damages have been proven by the evidence, you shall award as actual damages that amount of money that will put the plaintiff in the position he or she would have enjoyed had the breach not occurred." Dillen did not submit a special interrogatory requesting that the jury assign an amount to those damages that were "wrongfully withheld." Where parties have agreed to the form of the special interrogatories submitted to the jury, they are bound by them on appeal. *Romero v. Parker,* 619 P.2d 89 (Colo.App.1980).

Further, nothing in the record shows that prejudgment interest is warranted. The amount awarded by the jury is not directly related to any amount due under the contract, and the large majority of the damages testified to by Dillen's expert was attributable to loss of future income.

■ A judgment is presumed to be correct until it is affirmatively proved otherwise; thus, the party asserting error on appeal must present a record that discloses the error. *Levy–Wegrzyn v. Ediger,* 899 P.2d 230, 232 (Colo.App.1994); *see also* C.A.R. 10.

Therefore, because Dillen failed to request specific findings by the jury regarding past and future damages and failed to demonstrate on appeal that her damages are subject to § 5–12–102, we perceive *no error* in the trial court's denial of prejudgment interest.

## II.   Costs

Dillen also argues that the trial court abused its discretion by awarding costs to HealthOne and denying her motion for costs. We disagree.

Section 13–17–202(1)(a), C.R.S.2003, provides in pertinent part:

(II) If the defendant serves an offer of settlement in writing at any time more than fourteen days before the commencement of the trial that is rejected by the plaintiff, and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff.

(III) If an offer of settlement is not accepted in writing within fourteen days after service of the offer, the offer shall be deemed rejected, and the party who made the offer is not precluded from making a subsequent offer.

Section 13–17–202, C.R.S.2003, replaced former C.R.C.P. 68 (repealed 1990), which concerned offers of judgment. The statute and rule are "very similar in that the purpose of each is to encourage the settlement of disputed claims." *Morgan v. Genesee Co.,* 86 P.3d 388, 393 (Colo.2004).

### A.

■ We reject Dillen's assertion that HealthOne's letter offering to settle Dillen's claims for $95,000 was insufficient because it was faxed to her counsel and was not formally served.

C.R.C.P. 5 provides:

(a) Service: When Required.   Except as otherwise provided in these rules ... every written notice, appearance, demand, *offer of judgment,* designation of record on appeal, and *similar paper* shall be served upon each of the parties. . . .

(b) Service: How made.   Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless personal service upon the party is ordered by the court. . . . Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or by mailing it to him at his address as given in the pleadings or by sending it *via facsimile machine transmission* to a facsimile number if one is designated in the pleadings. . . .

(Emphasis added.)

Although C.R.C.P. 5 does not specifically refer to an "offer of settlement," it includes any "similar paper," which would include an

"offer of settlement." Furthermore, the method of settlement under former C.R.C.P. 68 provided a "mechanism through which a defendant could offer to have judgment entered against him for monetary damages or property." *Morgan, supra,* 86 P.3d at 392. In light of the replacement of former C.R.C.P. 68 with § 13–17–202, it is logical to infer that the "offer of judgment" under C.R.C.P. 5 also includes an "offer of settlement" pursuant to § 13–17–202. Therefore, serving the offer via facsimile was proper under C.R.C.P. 5.

Moreover, if the General Assembly intended to require a stricter procedure for service of a settlement offer pursuant to § 13–17–202(1)(a), it could have done so. We will not read such provisions into this statute. *See Town of Telluride v. Lot Thirty–Four Venture, L.L.C.,* 3 P.3d 30 (Colo.2000)(court must interpret statute as written; if dissatisfied, a party's remedy is with legislature).

### B.

■ Additionally, Dillen asserts that HealthOne's letter was insufficient to qualify as an "offer" pursuant to § 13–17–202(1)(a) because unlike an earlier offer of settlement, it was not entitled "settlement offer," did not refer to the statute, and did not state that it was a "final offer." Although we agree that the better practice might be to reference the statute and use the term "offer of settlement," the plain language of § 13–17–202(1)(a) does not require an offer of settlement to contain such terms. *See* John R. Webb, *Revisiting the Recovery of Attorney Fees and Costs in Colorado,* 33 Colo. Law. 11, 18 (Apr. 2004)(§ 13–17–202 does not require that an offer of settlement be in any particular form); *S. Park Aggregates, Inc. v. Northwestern Nat'l Ins. Co., supra* (when interpreting a statute, we must first look to the plain language of the statute).

■ Moreover, the statute does not require an offer to be "final" and specifically provides that an offeror is not precluded from making subsequent offers. *See* § 13–17–202(1)(a)(III).

While courts in other states have interpreted statutes similar to § 13–17–202 so as to require a formal offer of settlement or a specific reference to an offer of settlement statute, we are not persuaded by the analysis in those cases. *See Stell v. Jay Hales Dev. Co.,* 11 Cal.App.4th 1214, 15 Cal.Rptr.2d 220 (1992); *Bauer v. Piper Indus., Inc.,* 154 Wis.2d 758, 454 N.W.2d 28 (Wis.Ct.App. 1990); *Sachsenmaier v. Mittlestadt,* 145 Wis.2d 781, 429 N.W.2d 532 (Wis.Ct.App. 1988). In *Sachsenmaier,* the court concluded that the statute was ambiguous, even though it did not specify that an offer of settlement must be formal or in the form of a pleading. In *Bauer,* the court concluded that an offer of settlement prepared as a legal document containing the case caption and incorporating the general statutory language of Wisconsin's offer of settlement provision was sufficient, even without reference to the statute itself. In *Stell,* unlike here, the offer of settlement letter required an immediate response, which was not consistent with California's offer of settlement statute.

Unlike in *Sachsenmaier,* there is no basis here to conclude that § 13–17–202 is ambiguous. As the supreme court concluded in *Centric–Jones Co. v. Hufnagel,* 848 P.2d 942, 946 (Colo.1993), § 13–17–202 "invokes a special statutory process spelled out in clear and unambiguous language." Because no form for an offer of settlement is specified in the statute, it would be inappropriate for us to engraft specific requirements onto the statutory language. *Cf.* § 5–5–110(2), C.R.S.2003 (when establishing the requirements for a notice of right to cure in consumer credit transactions, the General Assembly specified the contents of such a letter and set forth the form of a notice which complies with the statute).

### C.

■ Dillen argues that because HealthOne indicated that the letter was "expressly subject to [CRE] 408," the letter communicated a condition and, therefore, was not an offer pursuant to § 13–17–202(1)(a). Again, we disagree.

CRE 408 is a rule of evidence that applies to every offer of settlement and makes such offers inadmissible to prove liability. Therefore, the rule does not impose a condition on

an offer of settlement. Further, an offer may be admissible under CRE 408 for purposes other than to prove liability.

### D.

■ Dillen also asserts that the trial court failed to find that HealthOne's costs were reasonable and should have held a hearing on the issue of costs. We disagree.

■ Under § 13–17–202, a trial court need only award all "actual costs that are reasonably incurred by a party." *Scholz v. Metro. Pathologists, P.C.,* 851 P.2d 901, 910 (Colo.1993).

Here, the trial court expressly found that HealthOne's costs, presented in a bill of costs pursuant to § 13–16–122, C.R.S.2003, were "reasonable and appropriate."

■ Further, a party is entitled to an evidentiary hearing to determine the reasonableness of costs, but only when a hearing is requested. *See Dunlap v. Long,* 902 P.2d 446 (Colo.App.1995).

Dillen is not entitled to an evidentiary hearing to determine the reasonableness of costs because she did not request a hearing in the trial court. *See Dunlap v. Long, supra.*

Because we hold that Dillen is not entitled to prejudgment interest, we do not address her assertion that such an award would affect HealthOne's entitlement to costs.

Contrary to Dillen's contention, *Garcia v. Wal–Mart Stores, Inc.,* 209 F.3d 1170 (10th Cir.2000), does not support her argument that the costs awarded by the trial court are not authorized by statute, rule, or case law. In *Garcia,* the court extensively analyzed the interplay between federal statutes and rules concerning awards of costs and comparable state statutes and rules. It then remanded the case to the district court for a determination and award of actual costs under § 13–17–202. Therefore, *Garcia* is inapposite.

Therefore, we conclude that the trial court properly awarded costs to HealthOne from the date of the letter.

### E.

Dillen also argues that, as a prevailing party, she is entitled to an award of costs under § 13–16–104, C.R.S.2003, whether or not the trial court expressly determined she was a prevailing party pursuant to C.R.C.P. 54(d). However, because we have concluded that HealthOne is entitled to costs pursuant to § 13–17–202(1)(a), we will not address Dillen's argument. *See Bennett v. Hickman,* 992 P.2d 670 (Colo.App.1999)(§ 13–17–202(1)(a) modifies § 13–16–104 such that a party who rejects a settlement offer and recovers less at trial may not recover costs, even though that party is determined to be the prevailing party); *see also Rubio v. Farris,* 51 P.3d 992 (Colo.App.2002).

The judgment and orders are affirmed.

Judge GRAHAM concurs.

Judge DAILEY specially concurs.

Judge DAILEY, specially concurring.

I join in the majority's opinion. I write separately, however, because I believe that, while not currently required by § 13–17–202, C.R.S.2003, the use of formalized offers of settlement are (1) more fair to the parties, in giving notice of the statute's cost-shifting provisions; and (2) more beneficial, in the long run, to the settlement process the statute was designed to encourage.

In this regard, I find highly persuasive the reasoning of the Wisconsin Court of Appeals in *Sachsenmaier v. Mittlestadt,* 145 Wis.2d 781, 791–92, 429 N.W.2d 532, 536–37 (Wis.Ct. App.1988):

> A rule requiring a [statutory] offer of settlement to be clearly and unequivocally designated is necessary to accomplish the purpose of the statute. Settlement is not encouraged if one side might reasonably be unaware that an offer of settlement is being made. Furthermore, if the side 'rejecting' a settlement offer is penalized by having to pay the other party ... costs and interest, as a matter of fairness the recovering party should at least be required to expressly state that it is extending an offer of settlement under the statute.

. . . [W]e should encourage, not discourage, the parties to negotiate for settlement. Often overtures are made and offers and counteroffers exchanged before a settlement is reached. We would be inhibiting the settlement process were we to construe [the statute] so liberally as to allow anything resembling an offer to qualify as a [statutory] offer of settlement. Counsel should be free to continue informal settlement negotiations by exchanging evaluations without having to worry that at some time in the future, a document neither intended nor understood to be a formal offer of settlement might form the basis for an assessment of . . . costs.

Thus, I believe that a party's offer of settlement under § 13–17–102 should use or include either (1) a formal case caption; (2) an explicit reference to § 13–17–202; (3) a reference to the statute's cost-shifting consequences; or (4) all of the above, so that the other party is properly alerted to the consequences of rejecting the offer.

Here, defendant's first offer of settlement was in the form of a court document: it had a formal case caption, was titled "Defendant HealthOne's Offer of Settlement," explicitly referenced § 13–17–202, and indicated, consistent with the statute, that it would be deemed withdrawn if it were not accepted in writing by plaintiffs within ten days. In contrast, defendant's second offer of settlement, the operative one here, was made in the third paragraph of a letter that was faxed to plaintiffs. The letter contained neither a caption nor a reference to the statute; it did not indicate that the offer would be open only for a specified time; and, it made no allusion to the potential consequences attending plaintiff's rejection of the offer. Under the circumstances, there was a real danger that plaintiffs may not have understood the legal effect of the second, and operative, offer of settlement.

All we can do is urge a preferred practice under the statute; it lies within the General Assembly's legislative prerogative or the supreme court's rule-making power, however, to elevate it from a preferred to a required practice. In my view, serious consideration should be given to requiring a formalized offer of settlement under § 13–17–202.